# Exhibit B



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

KATHLEEN RANOWSKY

    Vs.

NATIONAL RAILROAD PASSENGER CORPORATION et al

C.A. No.   2015 CA 004281 B

**RECEIVED**
Dlo Hand Delivery
AMTRAK
JUN 1 6 2015

ELEANOR D. ACHESON
**EXECUTIVE VICE PRESIDENT,**
**CHIEF LEGAL OFFICER,**
GENERAL COUNSEL & CORPORATE SECRETARY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL O'KEEFE
Date:  June 11, 2015
Initial Conference: 9:30 am, Friday, September 11, 2015
Location:  Courtroom A-47
        515 5th Street NW

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

KATHLEEN GANOWSKY
_____
Plaintiff

vs.

TOM HOWARD, ANTHA Inspector General
_____
Defendant

Case Number    **2015 CA 004281 B**

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

JOSHUA N. ROSE, Esq.
_____
Name of Plaintiff's Attorney

815 CONNECTICUT AVE., NW, SUITE 720
_____
Address

WASHINGTON, DC  20006
_____

(202) 787-1900
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date    **06/10/2015**

如需翻譯,請打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요.        የአማርኛ ትርጉም አማካሪ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET      2015 CA 004281 B

KATHLEEN SIMONOWSKY

Case Number: _____

vs

Date: __6/10/2015__

NATIONAL RAILROAD PASSENGER CORPORATION   ☑ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*      DONALD M. ____, ESQ. | **Relationship to Lawsuit** |
| Firm Name:    TULLY RINCKEY PLLC | ☑ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.:  Six digit Unified Bar No.: | ☐ Other: |
| (202) ___ ____    _____ | |

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☑ 12 Person Jury

Demand: $ 1,000,000    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**                                             COLLECTION CASES

☐ 01 Breach of Contract          ☐ 07 Personal Property          ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty          ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 12 Specific Performance        ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees      ☑ 13 Employment Discrimination   ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure/Judicial Sale

**B. PROPERTY TORTS**

☐ 01 Automobile               ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion               ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 09 Harassment                    ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 10 Invasion of Privacy                Not Malpractice)
☐ 03 Assault and Battery           ☐ 11 Libel and Slander             ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 12 Malicious Interference        ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 13 Malicious Prosecution         ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 14 Malpractice Legal             ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                         ☐ 16 Negligence- (Not Automobile,  ☐ 23 Tobacco
                                        Not Malpractice)              ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 04 Condemnation (Emin. Domain)
- [ ] 05 Ejectment
- [ ] 07 Insurance/Subrogation
       Under $25,000 Pltf.
       Grants Consent
- [ ] 08 Quiet Title
- [ ] 09 Special Writ/Warrants
       (DC Code § 11-941)

- [ ] 10 T.R.O./ Injunction
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA)
       (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
       Vacate Arbitration Award
       (DC Code § 16-4401)

- [ ] 25 Liens: Tax/Water Consent Granted
- [ ] 26 Insurance/ Subrogation
       Under $25,000 Consent Denied
- [ ] 27 Insurance/ Subrogation
       Over $25,000 Pltf. Grants Consent
- [ ] 28 Motion to Confirm Arbitration
       Award (Collection Cases Only)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 30 Liens: Tax/ Water Consent Denied
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower
- [ ] 34 Insurance/Subrogation
       Over $25,000 Consent Denied

**H.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
       Certificate

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
       Judgment [ D.C. Code §
       2-1802.03 (h) or 32-1519 (a)]
- [ ] 20 Master Meter (D.C. Code §
       42-3301, et seq.)

- [ ] 21 Petition for Subpoena
       [Rule 28-1 (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a) (1)
       (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

_____
Attorney's Signature

6-10-2015
_____
Date

CV-496/Oct 14

Filed
D.C. Superior Court
06/10/2015 15:58PM
Clerk of the Court

SUPERIOR COURT of the DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |
|---|---|
| KATHLEEN RANOWSKY , | ) |
| 9209 Kristin Lane | ) |
| Fairfax, VA 22032 | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
|  | ) Civil Action No.2015 CA 004281 B |
| v. | ) |
|  | ) |
| NATIONAL RAILROAD PASSENGER | ) **COMPLAINT – Jury Requested** |
| CORPORATION d/b/a Amtrak, | ) |
| 60 Massachusetts Ave., N.E. | ) |
| Washington, D.C. 20002 | ) |
|  | ) |
| and | ) |
|  | ) |
| TOM HOWARD, Amtrak Inspector General, | ) |
| 60 Massachusetts Ave., N.E. | ) |
| Washington, D.C. 20002 | ) |
|  | ) |
| and | ) |
|  | ) |
| TERRY GILMORE, Chief Human Capital | ) |
| Officer, Amtrak Office of Inspector General | ) |
| 60 Maschusetts Ave., N.E. | ) |
| Washington, D.C. 20002 | ) |
|  | ) |
| Defendants. | ) |

*Serve:*

1) National Railroad Passenger Corporation
   Eleanor D. Acheson, Vice President, General Counsel and Corporate Secretary
   60 Massachusetts Avenue, N.E.
   Washington, D.C. 20002

2) Tom Howard
   Inspector General C/O General Counsel
   National Railroad Passenger Corporation
   60 Massachusetts Avenue, N.E.
   Washington, D.C. 20002

3) Terry Gilmore
   Chief Human Capital Officer, Amtrak Office of Inspector General
   C/O General Counsel
   National Railroad Passenger Corporation
   60 Massachusetts Avenue, N.E.

Washington, D.C. 20002

OR, (for 2 and 3):
Office of the Inspector General
10 G Street, NE'3d Floor
Washington, D.C. 20002

Comes now Plaintiff, Kathleen Ranowsky ("Ranowsky" or "Plaintiff"), by undersigned counsel and, for her Complaint, states that Defendant National Railroad Passenger Corporation ("Amtrak" or "Defendant") violated the prohibitions against discrimination, harassment and retaliation contained in the District of Columbia Human Rights Act ("DCHRA"), D.C. Code 2-1401 et. seq.; D.C. Code 2-2402.11.

**Parties**

1. Plaintiff is an adult citizen residing in the Commonwealth of Virginia. She is female and was born on DOB.

2. Defendant, Amtrak, is a federally-created, privately-operated corporation whose headquarters and center of operations is located in the District of Columbia.

3. Amtrak is an employer of more than 10,000 employees within the meaning of DCHRA 2-1401.02(10).

4. Amtrak is not a department, agency, or instrumentality of the United States Government. 49 U.S.C. 24301(a)(3).

5. Defendant Tom Howard ("Howard") is the Amtrak Inspector General. He was the second level supervisor of Plaintiff in 2014 and was the immediate supervisor of Colin Carriere ("Carriere"), who was Plaintiff's immediate supervisor as Counsel to the Inspection General.

6. Carriere, is a black male who was over 60 in the fall of 2014 and who had health problems known to Defendants in 2014.

7. Defendant Terry Gilmore ("Gilmore") is the Chief Human Capital Officer for the Amtrak Inspector General and reports directly to Tom Howard

8. Plaintiff was an employee of Defendant Amtrak from July 21, 1997, until December 2, 2014. At the time of her involuntary termination, Plaintiff had

3

worked at Amtrak as a senior attorney for approximately 17.5 years. For the final twelve- plus years of that employment she served as the Deputy Counsel to the Amtrak Inspector General in Washington, D.C.

9.   Defendants Amtrak, Howard and Gilmore were employers of Plaintiff within the meaning of the D.C. Human Rights Act.

10.  Defendants Howard and Gilmore acted for Defendant Amtrak as "employers" in the conduct alleged herein.  On information and belief, Amtrak's corporate legal counsel approved and facilitated the actions of Howard and Gilmore.

11.  Defendants Amtrak, Howard and Gilmore acted in concert in undertaking the conduct alleged herein. Defendant Amtrak acted through Howard and Gilmore.

12. Plaintiff had no history of performance, attendance or disciplinary problems during her employment at Amtrak.  To the contrary, on or about October 24, 2014, Plaintiff received a very good performance evaluation from her immediate supervisor, indicating that she "exceeded goals" and was "an important cog in the operations of the office."  Prior years' evaluations were consistent with 2014, indicating that Plaintiff exceeded goals and "modeled Amtrak OIG values."

13.  Plaintiff is a breast cancer survivor.  Management at Amtrak's Office of Inspector General, including Defendants Howard and Gilmore, were aware that she had a serious medical condition requiring surgery and other treatment in 2013, with continuing follow-up throughout 2014 and to the present.

**Unlawful Conduct**

14. All acts alleged herein were undertaken in the District of Columbia.

15. On November 18, 2014, with no prior notice, nor any prior indication of any dissatisfaction with Plaintiff's performance, Defendant Howard, in the presence of Defendant Gilmore, verbally told Plaintiff that her employment was terminated immediately. Gilmore instructed Plaintiff to gather her personal belongings and leave the building.

16. Defendant Gilmore handed Plaintiff a letter dated November 18, 2014 ("the Notice Letter"), signed by Defendant Howard, stating in part pertinent, "This letter serves as notification of the termination of your position as Deputy Counsel for the Office of Inspector General within the National Railroad Passenger Corporation, in accordance with Amtrak's Policy and Instruction Manual (APIM) Human Resources Policy 7.32.0[.] Termination will be effective December 2, 2014." The title of Policy 7.32.0 is "Termination."

17. The Notice Letter stated the reason for the termination as follows: "This action is the result of our loss of confidence in your ability to perform in the role of Deputy Counsel."

18. At no time prior to, during or after the meeting has Plaintiff been given any information that might explain the sudden "loss of confidence" stated in the Notice Letter.

19. When Plaintiff asked Howard to explain the reasons for his abrupt action in terminating her employment, Howard stated only that he was "taking the office in a different direction." When Plaintiff asked what that meant, Defendant Gilmore interrupted and said in effect, "We don't need a reason. Amtrak is at-will employment." Howard and Gilmore both ended the conversation with "That is all" and refused to answer any additional questions from Plaintiff.

5

20. On the same day (November 18, 2014), and within the same hour as Plaintiff's termination, Howard and Gilmore terminated her immediate supervisor, Colin Carriere.

21. On or about December 4, 2014, Defendants Amtrak, Howard and Gilmore assigned Nadine Jbaili, a less qualified, female attorney who was much younger than Plaintiff, to perform Plaintiff's duties.

22. The position from which Plaintiff was removed was posted for applicants in late March 2015 and Plaintiff submitted her application in a timely manner.

23. In mid-May 2015, Defendants Amtrak, Howard and Gilmore selected Ms. Jbaili to fill the position formerly held by Plaintiff.

24. Defendants Amtrak, through Howard and with Defendant Gilmore's acquiescence, selected a white, male, Mr. Kevin Winters, to replace Mr. Carriere without providing Plaintiff an opportunity to compete for the job. Although his selection was announced on or about January 21, 2015, Winters did not begin work until on or about February 25, 2015.

25. Mr. Winters had not worked as an attorney since his retirement from the United States Marine Corp's Office of the Staff Judge Advocate in or about 2005. He is substantially less qualified than Plaintiff.

26. On information and belief, Plaintiff was removed from her position as part of a plan to eliminate her from consideration for the position held by Carriere in favor of Winters – a less qualified male attorney.

27. On information and belief, Plaintiff was removed from her position as part of a plan to replace her with a substantially younger and less qualified attorney – Ms. Jbaili.

28. Defendants Amtrak, Howard, and Gilmore's termination of Plaintiff's employment for "loss of confidence" or as part of a "RIF" was a mere pretext for age and gender discrimination.

29. Plaintiff's termination was a pretext to prevent Plaintiff, a woman, over 60 years old, from either applying for Carriere's vacated position, or continuing to perform the duties of her position as Deputy Counsel under Carriere's replacement, Winters.

30. Defendants Amtrak, Howard and Gilmore made the decision to terminate Plaintiff for unlawful discriminatory reasons and not for any legitimate business purpose.

31. The actions of Howard and Gilmore left Amtrak's Office of Inspector General without effective independent legal counsel (as required by the Inspector General Act, 5 U.S.C. App., Section 8G(g)) for the period of November 18, 2014 through February 25, 2015.

32. In terminating Plaintiff's employment, Amtrak failed to follow its own policy, which requires a lawful reason for an "at will" termination. Plaintiff's termination was not for a lawful reason.

33. In less than an hour after the termination meeting, Plaintiff's access to her computer was cut off, thereby preventing her from copying or preserving relevant documentation relating to Plaintiff's performance evaluations, payroll records, and other professional records, including but not limited to generic forms that Plaintiff might use in a future law practice, attorney colleague contact information, and other non-confidential information that might enable Plaintiff to avoid a professional conflict of interest between Amtrak and any future client.

34. Gilmore has refused to provide Plaintiff with copies of documents she has requested, such as her performance evaluations, payroll records, and relevant Amtrak policies.

7

35. Amtrak's Employee Service Center in Wilmington, Delaware, subsequently informed Plaintiff that Howard and Gilmore had caused Plaintiff's employment action to be coded as "Reduction in Force" ("RIF"). The Amtrak employment policy governing a RIF is Policy 7.24.0.

36. Amtrak, through Howard and Gilmore, did not follow its customary procedures and policies for a RIF when it terminated Plaintiff.

37. Defendant Amtrak, and in particular its Office of Inspector General, engaged in several re-organizations during the time period from 2012 to 2014. On information and belief, the net effect among the population of all employees in the Office of the Inspector General is a significant decrease in age. In many cases, younger employees were hired to replace older ones whose employment was terminated by various "reorganization" actions initiated and carried out by Howard.

38. The average age of attorneys in the Inspector General's office is substantially younger at present, in 2015 than it had been at the start of 2014.

39. During planned RIFs carried out by Defendants Howard and Gilmore from 2011 through 2014, which resulted in the termination of male employees, those males were provided with more favorable terms and conditions such as: a) several months' advance notice of Howard's plan to eliminate their positions; b) permission to determine the best date for their departure; c) time to apply for other positions in other Amtrak departments and; d) on information and belief, in many instances, were provided with far more generous severance packages than that offered to Plaintiff.

40. Amtrak, through Howard and Gilmore, offered Plaintiff less favorable terms and conditions such as: a) no advance notice; b) no opportunity to influence her

8

departure date; c) no opportunity to fairly compete for another job; and d) a far less financially generous severance package than those given to male employees.

41. Howard's and Gilmore's choice of December 2, 2014 as Plaintiff's last effective day of employment with Amtrak has a substantial negative impact on Plaintiff's retirement benefits. That impact would have been mitigated by continuing her employment into February 2015. Male RIF subjects were not subject to similarly abrupt terminations.

42. Amtrak through Howard and Gilmore asked Plaintiff to sign a release which included terms and conditions that would have effectively precluded Plaintiff from explaining the circumstances of her termination with to prospective future employers. Plaintiff did not sign it.

43. The disparate treatment of Plaintiff cannot be explained by performance, qualifications, years of service, disciplinary reasons or any non-discriminatory reason known to Plaintiff.

44. Plaintiff was treated less favorably than a male corporate attorney who was found to have violated applicable Amtrak ethics rules in 2015. He was not terminated from his position, but only "counseled." In contrast, Plaintiff never violated any ethics or other Amtrak policies, but suffered an abrupt, undeserved, and unnecessary end to her career.

45. Plaintiff engaged in protected activity shortly after her separation from employment by filing a charge of discrimination that was cross filed with the District of Columbia Human Rights Commission.

46. Defendants were aware of Plaintiff's protected activity when they selected Ms. Jbaili for the announced job vacancy in May 2015.

47. Plaintiff, by undersigned counsel, has withdrawn her administrative complaint.  She
    has advised the District of Columbia Office of Human Rights, by phone contact and
    e-mail dated May 29, 2015, that she wishes to withdraw her administrative
    complaint and pursue her rights in Court.

## COUNT I – VIOLAITON OF D.C. HUMAN RIGHTS ACT

48. Plaintiff re-alleges and incorporates the allegations of paragraphs 1- 47 as if fully set
    forth herein.

49. Defendant Amtrak is an employer in the District of Columbia and Plaintiff was its
    employee from July 21, 1997 until December 2, 2014.

50. All actions relevant to this matter occurred in the District of Columbia.

51. Plaintiff is female and is over age 60.

52. Plaintiff was an excellent employee and had no performance, attendance or
    disciplinary history at the time she was terminated.

53. Younger and male employees have been treated better than Plaintiff under similar
    circumstances.

54. Plaintiff suffered an adverse employment action when, on November 18, 2014, she
    was abruptly informed that she would be separated from employment effective
    December 2, 2014.

55. Plaintiff suffered an adverse employment action when she was effectively barred
    from competing for the position filled by Mr. Winters.

56. Plaintiff suffered an adverse employment action when Ms. Jbalai was selected over
    her to perform the duties Plaintiff had previously performed.

57. Defendants Amtrak, Howard and Gilmore acted as employers in terminating
    Plaintiff, refusing to allow her to compete fairly for vacancies and in denying her

10

equal consideration for vacancies and terms and conditions of severance equal to those offered to younger and male employees who did not engage in protected activity.

58. The reasons Defendant has offered for separating Plaintiff from employment, for refusing to allow her to fairly compete for vacancies and for denying her equal terms and conditions of separation are a pretext for unlawful discrimination and retaliation.

59. Plaintiff was separated from employment, denied equal terms and conditions, and denied the opportunity to compete for vacant positions because of her gender.

60. Plaintiff would not have been separated, denied equal terms and conditions and denied the opportunity to compete for vacant positions but for her gender.

61. Plaintiff's gender was a contributing factor to her separation, to Defendants' refusal to allow her to fairly compete for vacant positions and to Defendants' denial of equal terms and conditions of separation.

62. Plaintiff was separated from employment, denied equal terms and conditions of separation, and denied the opportunity to compete for vacant positions because of her age.

63. She would not have been separated, denied equal terms and conditions of separation, and denied the opportunity to compete for vacant positions but for her age.

64. Plaintiff's age was a contributing factor to her separation, the denial of equal terms and conditions of separation, and the denial of the opportunity to compete for vacant positions.

11

65. Plaintiff was not fairly considered for re-hire entirely or as a contributing factor because of her gender.

66. Plaintiff was not fairly considered for re-hire entirely or as a contributing factor because of her age.

67. Plaintiff was not fairly considered for re-hire entirely or as a contributing factor because of retaliatory motive resulting from her exercise of rights protected under law.

68. Plaintiff was subject to disparate treatment in the terms and conditions of her employment and of the termination of her employment in whole or in part because of her age and her gender.

69. Plaintiff was subjected to retaliation for her participation in protected activity when Defendant refused to fairly consider her for the vacant position filled by Ms. Jbaili in May 2015.

70. Plaintiff has suffered substantial damages as a result of her separation from employment including but not limited to lost pay, lost benefits, damage to her reputation as an attorney and severe emotional distress.

71. Despite being held to a higher ethical standard as an Inspector General, Defendants' actions as alleged herein were undertaken recklessly, maliciously, wantonly, and/or in reckless disregard to employee's rights under DCHRA.

72. Plaintiff is ready, willing and able to return to her position with Amtrak and has not found comparable employment.

73. Plaintiff has withdrawn her administrative complaint with the D.C. Office of Human Rights and has elected to file in Court.

12

74. Plaintiff will continue to suffer irreparable injury until this Court may provide

injunctive relief to reinstate her, and otherwise grant relief to make Plaintiff whole.

WHEREFORE, Plaintiff prays that this court award her:

1) Reinstatement;

2) Back pay and front pay with the value of benefits, in an amount to be proven;

3) Attorneys' fees, expenses, costs and expert witness fees incurred in protecting her rights;

4) Compensatory damages for emotional distress in an amount to be proven;

5) Compensatory damages for unpaid legitimate expense reimbursement requests submitted

in October 2014.

6) Punitive damages in the amount of $1,000,000.

## JURY DEMAND

Plaintiff demands that this matter be tried before a jury.

Respectfully submitted,

Tully Rinckey, PLLC

By:

Joshua N. Rose D.C. Bar No. 420606
Tully, Rinckey, PLLC
815 Connecticut Ave, N.W., Suite 720
Washington, D.C. 20006
(202) 375-2224
jrose@fedattorney.com

13